TOBIAS, J.,
Concurs and Assigns Reasons.
1,1 respectfully concur. In my view, it is doubtful that George Engine Co., Inc. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977), is valid law except possibly when an arbitration involves only Louisiana intrastate commerce, the parties to the contract at issue are Louisiana citizens, and only Louisiana law applies to the issues. The United States Supreme Court’s holdings in Preston v. Ferrer, 552 U.S. 346, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) and Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) have silently adopted Justice Tate’s dissenting opinion in George Engine. When interstate commerce is impacted, as in the case at bar, we are required to submit the issues of error and lack of consent (and by implication issues of a similar nature, such as fraud in connection with entry into the contract at issue) to arbitration first if the parties have contracted to resort to arbitration.